```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LISA MADELINE KOTTWITZ,

                       Plaintiff,                    14-CV-02677 (PGG)(SN)

  -against-                                         **REPORT AND**
                                                        **RECOMMENDATION**
COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE PAUL G. GARDEPHE:**

       Plaintiff Lisa Madeline Kottwitz brought this action for review of the final determination by the Commissioner of Social Security (the "Commissioner") denying her application for Social Security disability benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*. After discussion between the parties led to an agreement to remand, the Clerk of Court entered judgment and remanded the case to the Commissioner. Kottwitz now moves for attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. For the following reasons, Kottwitz's motion should be GRANTED in part and DENIED in part, and the Commissioner directed to pay $14.43 in reasonable expenses.

## BACKGROUND

       On April 15, 2014, Kottwitz filed her complaint through counsel. On May 7, 2014, the Honorable Paul G. Gardephe referred this matter to my docket to report and recommend on any dispositive motions. On July 2, 2014, the Court entered the parties' stipulation and order of remand, returning the case to the Commissioner for further administrative proceedings pursuant

to sentence four of 42 U.S.C. § 405(g). That same day, the Clerk of Court entered judgment and remanded the case.

On August 21, 2014, Kottwitz filed this motion for attorneys' fees, which the Commissioner opposed on August 29, 2014. The motion became fully submitted on September 12, 2014. Thereafter, the Court held a conference to discuss whether the plaintiff's Counsel (hereinafter "Counsel") maintained contemporaneous time records in light of changing dates reflected in Counsel's statements provided before the fee motion was filed and after. The Court directed the parties to meet and confer in an effort to settle the matter and, if no resolution could be reached without judicial intervention, Counsel was directed to file a declaration describing the system used by his law firm to record contemporaneously those hours for which he seeks to recover. No resolution was reached, and Counsel filed his declaration on October 3, 2014. The Commissioner filed a response on October 14, 2014.

Kottwitz's Counsel seeks $1,153.74 in fees, $40.00 for administrative work, and $14.43 in costs. The Commissioner objects to an attorneys' fee award in this case because counsel has failed to demonstrate that he kept contemporaneous time records, and objects to an award for administrative services as outside the scope of permissible fee awards. The Commissioner does not object to an award for $14.43 in costs.

## DISCUSSION

### I.  EAJA Prevailing Party Fees

The EAJA provides that "a court shall award to a prevailing party [attorneys' fees in certain civil actions] . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

2412(d)(1)(A). This provision's purpose is to "decrease the chance that certain individuals . . . may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights." Green v. Bowen, 877 F.2d 204, 206 (2d Cir. 1989) (citation and internal quotation marks omitted).

Under the EAJA, the Court must consider whether: (1) the claimant is a "prevailing party"; (2) the government's position was "substantially justified"; (3) any "special circumstances make an award unjust"; and (4) the fee application was submitted within thirty days of final judgment in the action. Kerin v. U.S. Postal Serv., 218 F.3d 185, 189 (2d Cir. 2000) (citing 28 U.S.C. § 2412(d)).

The Commissioner does not challenges the plaintiff's fee application on the basis of any of these four factors, and the Court has independently reviewed the facts in this case and determined that the plaintiff would ordinarily be entitled to an award of reasonable fees. Instead, the Commissioner argues that the plaintiff may not receive a fee award in this case because: (1) Counsel failed to maintain contemporaneous time records; and (2) a fee may not be awarded for clerical tasks.

## II. Contemporaneous Time Records

### A. Statement of Law

The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records. New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("Hereafter, any attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records."); Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) ("contemporaneous time records are a pre-requisite for attorney's

fees in this Circuit"). The requirement that attorneys support their fee requests with contemporaneous time records is a "hard-and-fast-rule" with only rare exceptions. Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011). The burden is on the plaintiff "to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987); accord Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1160–1161 (2d Cir. 1994).

The Court of Appeals has addressed what constitutes contemporaneous time records: "The records should specify, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1148; accord Mishin v. Lopalo, 13-2699-cv, 2014 WL 4192071 (2d Cir. Aug, 26, 2014). A recreation of time records based on documents, calendars and other extrinsic evidences is insufficient. Handschu v. Special Services Div., 727 F. Supp. 2d 239, 250 (S.D.N.Y. 2005) ("to satisfy Carey the proof must demonstrate that original contemporaneous entries of sufficient specificity were punched into or logged in a database from which the printouts or summaries are derived"). Contemporaneous records of *work performed* is not enough; an attorney must maintain contemporaneous records of the *time expended* performing such work as well.

### B. Application

In an effort to settle the fee application without judicial intervention, Counsel submitted a time record to the Commissioner's attorney. That record reflected six hours of attorney time, including 2.4 hours for "Preparation of EAJA motion" performed on "07/09/14." Unable to resolve the fee application, on August 21, 2014, Counsel filed an Affidavit in Support of the Motion for Attorney's Fees. (Affidavit of Howard D. Olinsky, dated August 20, 2014

(hereinafter "Olinsky Aff.") at Docket Entry 13.) Attached to that affidavit was a substantially similar time record as Counsel had provided for settlement purposes. This record too reflected six hours of attorney time, including 2.4 hours for work performed for "Preparation of EAJA motion." The entry for "Preparation of EAJA motion," however, indicated that the work was performed on "08/20/14," one day before the motion was filed, and not "07/09/14," as originally presented to the Commissioner for settlement purposes. The Commissioner, therefore, opposes the request for attorneys' fees in full on the ground that Counsel does not maintain contemporaneous time records.

In response to the Court's request for further briefing on this issue, Counsel filed a supplemental declaration. He explains that his firm uses a data management system called Prevail to record contemporaneously work that is completed. Prevail records work that is performed but not the time expended performing such work. (Supplemental Declaration of Howard D. Olinsky, dated Oct. 3, 2014 (hereinafter "Olinsky Supp. Decl."), at ¶ 8.) To create a time report, his firm cross-checks the Prevail report with entries in its Worldox document management system to assess, *ex post*, how much time was reasonably expended performing the relevant task. (Olinsky Supp. Decl., ¶ 13.) Counsel submits as exhibits to his declaration, the Prevail and Worldox report for this matter. The Prevail report reflects work conducted. It does not indicate how much time was spent performing the task, and it does not always show who performed the work. The Worldox report identifies the documents in the "electronic file" for this case, including documents saved in Word or Adobe PDF, or saved incoming mail, faxes or email. This report as well does not indicate how much time was spent performing the work that created these documents. Counsel concedes that his firm "did not employ a 'stopwatch and write down' method of time keeping in this instant matter." (Olinsky Supp. Decl., ¶ 10.)

With respect to the changed date for the "Preparation of EAJA motion," Counsel states that, following the unsuccessful settlement negotiations, an attorney at his firm finalized the motion for filing and updated the date to August 20, 2014, the day before the motion was filed, without adding any time for any additional work performed. (Olinsky Supp. Decl., ¶ 17.)

The Court credits Counsel's explanation for the changed date in the time report as a reasonable explanation for why this occurred. Unfortunately, this error caused the Commissioner, and the Court, to focus on Counsel's firm's billing practices, which are not in line with the Circuit's requirements for fee applications. It is conceded that Counsel does not maintain contemporaneous *time records*. And Counsel's efforts to cobble together a historical account of time expended based on *work records* is not only contrary to the legal standard, but proves to be inadequate as a factual matter. For example, the time report seeks fees for .5 hours of time on April 9, 2014 (""Draft Summons and complaint, prepare civil cover sheet"); but the Prevail report does not indicate that any work was performed on that date. Similarly, the report seeks fees for .5 hours of time on June 14, 2014 ("Correspondence with Opposing Counsel re: Stipulation to Remand"); the Prevail report indicates that no work was performed in the month of June 2014.

Counsel has conceded that he did not comply with the law, and his efforts to recreate a record of time spent are unavailing. The Court is particularly troubled by this evidence given that Counsel has "practiced Social Security law since 1986," and his law firm has "handled approximately 1,000 Social Security cases in United States District Court." (Olinsky Aff., at ¶ 5(b), (d).). An award of fees in this case would reward conduct that violates law that has been settled for decades. Although this outcome may be harsh, the Court is confident that the loss of

six hours of compensable time is a small price to pay for an important lesson learned. Accordingly, plaintiff's motion for fees should be denied.

### III. Compensation for Administrative Work

Finally, the Court recommends denying plaintiff's request for $40 for .5 hours of administrative work. "[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes "regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); accord LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (noting in § 1988 action that "routine office overhead" is nonrecoverable, and "must normally be absorbed within the attorney's hourly rate"). Administrative or clerical work is not compensable under the EAJA. See Wilkett v. ICC, 844 F.2d 867, 875 n.6 (D.C. Cir. 1988) (no recovery of secretarial costs or "overhead" under EAJA, as those are traditionally covered by attorney's fees and not billed separately); Mirabito v. Commissioner of Social Sec., 5:13 Civ. 0462 (DEP), 2014 WL 1341928, at *2 (N.D.N.Y. April 4, 2014); Hosking v. Astrue, 3:10 Civ. 0064 (MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010).

### CONCLUSION

For these reasons, I recommend that Kottwitz's motion for attorneys' fees be DENIED, and that the Commissioner be directed to pay $14.43 in reasonable expenses.

\*   \*   \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another

party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Gardephe. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         January 16, 2015