UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/15

LISA MADELAINE KOTTWITZ, Soc. Sec.
# XXX-XX-6852,

Plaintiff,

v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

Respondent.

**ORDER**

14 Civ. 2677 (PGG) (SN)

On April 15, 2014, Plaintiff Lisa Kottwitz filed this action, seeking review

of the final determination by the Commissioner of Social Security (the "Commissioner")

denying her application for Social Security disability benefits pursuant to the Social

Security Act (the "Act"), 42 U.S.C. § 401 et seq. (Dkt. No. 2)  On May 7, 2014, this

Court referred the matter to Magistrate Judge Sarah Netburn for a Report and

Recommendation ("R&R"). (Dkt. No. 4)  On July 2, 2014, this Court entered the parties'

stipulation and order that the action be remanded to the Commissioner of Social Security

pursuant to section four of 42 U.S.C. § 405(g), for further administrative proceedings.

(Dkt. No. 9)  On the same day, the Clerk of Court entered judgment and remanded the

case to the Commissioner.  (Dkt. No. 10)

On August 21, 2014, Plaintiff Kottwitz moved for attorneys' fees pursuant

to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, seeking $1,153.74 in

attorney's fees, $40.00 for administrative work, and $14.43 in costs.[1]  (Dkt. No. 12)  On

---

[1] On August 29, 2014, the Commissioner filed an opposition to Kottwitz's motion. (Dkt.
No. 14)  After receiving an extension of time to file a reply, granted sua sponte by Judge
Netburn (Dkt. No. 16), Kottwitz filed a reply on September 12, 2014. (Dkt. No. 17)  In

January 16, 2015, Judge Netburn issued an R&R recommending that this Court deny

Kottwitz's motion for attorney's fees but grant her request for costs. (R&R (Dkt. No. 22)

at 4-7) Neither party objected to the R&R. For the reasons discussed below, the Court

adopts the R&R in its entirety.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation

"may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "may adopt those

portions of the report to which no 'specific, written objection' is made, as long as the

factual and legal bases supporting the findings and conclusions set forth in those sections

are not clearly erroneous or contrary to law." Adams v. New York State Dep't of Educ.,

855 F.Supp.2d 205, 206 (S.D.N.Y.2012) (quoting Fed. R. Civ. P. 72(b)).

## DISCUSSION

In her January 16, 2015 R&R, Judge Netburn recommends that this Court

deny Kottwitz's motion as to attorney's fees, because (1) Plaintiff's counsel failed to

maintain contemporaneous time records; and (2) attorney's fees may not be awarded for

clerical tasks. (R&R (Dkt. No. 22) at 4-7) The R&R also recommends that the

Commissioner be directed to pay $14.43 in costs. (Id. at 7) In her R&R, Magistrate

Judge Netburn also informed the parties that they had fourteen days from service of the

R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the

Federal Rules of Civil Procedure, and that failure to do so could result in waiver of

review. (Id. at 7-8)

---

response to Judge Netburn's request for further briefing, on October 3, 2014, Plaintiff's
counsel filed a declaration to substantiate the attorney's fee request. (Dkt. No. 20) The
Commissioner filed a response in opposition on October 14, 2014. (Dkt. No. 21)

Neither party has objected to the R&R. Accordingly, Plaintiff has waived her right to review by this Court. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.")

This Court has nonetheless reviewed Judge Netburn's well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). As Judge Netburn explains fully in her R&R, because Plaintiff's counsel did not maintain contemporaneous time records, the application for attorney's fees must be denied:

> It is conceded that Counsel does not maintain contemporaneous time records. And Counsel's efforts to cobble together a historical account of time expended based on work records is not only contrary to the legal standard, but proves to be inadequate as a factual matter. For example, the time report seeks fees for .5 hours of time on April 9, 2014 (""Draft Summons and complaint, prepare civil cover sheet"); but the Prevail [data management system] report does not indicate that any work was performed on that date. Similarly, the report seeks fees for .5 hours of time on June 14, 2014 ("Correspondence with Opposing Counsel re: Stipulation to Remand"); the Prevail report indicates that no work was performed in the month of June 2014.

R&R at 6.

Indeed, Plaintiff's counsel concedes that he did not comply with the law requiring that attorney's fee requests be supported by contemporaneous time records. See Declaration of Howard Olinsky (Dkt. No. 20) ¶¶ 6-10, 13-15. "'[C]ontemporaneous

time records are a prerequisite for attorney's fees in this Circuit.'" <u>Scott v. City of New York</u>, 626 F.3d 130, 133 (2d Cir. 2010)) (quoting <u>New York State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1147 (2d Cir. 1983)). "These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>Carey</u>, 711 F.2d at 1148. Accordingly, an award of attorney's fees is not appropriate. <u>See</u> R&R at 4-7.

This Court also agrees with Judge Netburn's conclusion that no attorney's fee award is appropriate for clerical tasks. (R&R (Dkt. No. 22) at 7) Judge Netburn thoroughly examined this issue and correctly concluded that such expenses are not recoverable in an attorney's fee award under the EAJA. <u>See</u> R&R at 7; <u>Sava v. Comm'r of Soc. Sec.</u>, No. 06 Civ. 3386 (KMK) (PED), 2014 WL 129053, at *3 n.7 (S.D.N.Y. Jan. 10, 2014) ("EAJA fees may be reduced to reflect tasks performed by counsel which are clerical in nature and, thus, may be performed by paralegals, clerical staff or other non-attorneys."); <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed" under fee shifting statutes "regardless of who performs them"). Judge Netburn likewise committed no error in concluding that the Commissioner should be directed to pay $14.43 in costs, a determination not contested by the parties. <u>See</u> R&R at 7.

4

## CONCLUSION

Finding no error in Judge Netburn's January 16, 2015 Report and

Recommendation (Dkt. No. 22), this Court adopts the R&R in its entirety.  Accordingly,

for the reasons stated therein, Plaintiff's motion is denied as to attorney's fees but granted

as to $14.43 in costs.  The Clerk of the Court is directed to terminate any outstanding

motions and to close this case.

Dated:          New York, New York          SO ORDERED.
                July 14, 2015

                                            _____
                                            Paul G. Gardephe
                                            United States District Judge

5